<u>**VIA ECF & HAND DELIVERY**</u>                                          January 15, 2015

Hon. Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square, Room 443
New York, NY 10007
Phone: (212) 805-6350

Re:   *Bancorp Serv., LLC, et al. v. Amer. Gen. Life Ins. Co.*, No. 14-CV-9687 (VEC)

Dear Judge Caproni:

    Pursuant to Paragraph 2 of the Court's December 10, 2014 Notice of Initial Pretrial Conference [Dkt. No. 3], the parties jointly submit this letter in advance of the Initial Pretrial Conference to be held on January 23, 2015, at 10:00 a.m.

    In addition, pursuant to Rule 1.E of the Court's Individual Practices in Civil Cases, the parties submit alternate proposed Civil Case Management Plan and Scheduling Orders. Plaintiffs' proposed Order is attached hereto as Exhibit A. Defendant's proposed Order is attached hereto as Exhibit B.

    The parties agree that they do not consent to conducting all further proceedings before a United States Magistrate Judge. The parties also agree that any motion to amend or to join additional parties should be filed within 30 days of the Initial Pretrial Conference, and that expert discovery should be completed no later than 60 days after the close of fact discovery.

    The principal disagreement between the parties concerns the date for completion of all fact discovery. Plaintiffs respectfully submit that 90 days is sufficient to complete fact discovery, in accordance with this Court's typical schedules, but have offered to Defendant to extend this deadline to 150 days. Defendant respectfully submits that this case presents unique complexities and other exceptional circumstances, which will require additional time for fact discovery, and suggests 240 days.

    The parties will be prepared to address these issues at the January 23, 2015 Initial Pretrial Conference.

1. <u>Brief Description of the Case</u>

*Factual and Legal Bases for Plaintiffs' Claims*[1]

    Plaintiffs Bancorp Services, LLC and Addle Management LLC (collectively, "Bancorp") disclosed proprietary confidential information and trade secrets to defendant American General Life Insurance Company ("AGL") pursuant to confidentiality agreements between the parties,

---

[1] This section was drafted by Bancorp's counsel and AGL does not join in this description.

including the January 13, 2010 Non-Disclosure and Restricted Use Agreement (the "2010 NDA"). This action, commenced on December 9, 2014, arises out of AGL's alleged breach of its obligations under the 2010 NDA and its alleged unlawful misappropriation, use and disclosure of Bancorp's confidential information and trade secrets.

Bancorp develops and owns proprietary stable value protection technology ("SVP technology") for business-owned life insurance ("BOLI") policies. In a typical BOLI policy plan, a company purchases life insurance policies on the lives of its employees, and designates itself as beneficiary. SVP technology helps to stabilize the book value of certain BOLI policies -- which may otherwise experience short-term volatility -- while remaining in full compliance with applicable accounting rules. Bancorp licenses its SVP technology to insurance carriers, including AGL, and collects fees from the issuance of BOLI policies incorporating its SVP technology.

Bancorp disclosed its most recent SVP technology -- the Addle SVP technology -- to AGL pursuant to the 2010 NDA. Bancorp alleges that the Addle SVP technology stands to revolutionize the BOLI market and, but for AGL's misconduct, would result in hundreds of millions (if not billions) of dollars in fees to Bancorp. Bancorp alleges that AGL improperly, intentionally, and illegally misappropriated, used and disclosed Bancorp's proprietary trade secrets and protected confidential information (and continues to do so) in an effort to take for itself the multi-billion dollar SVP technology in the BOLI market and to deprive Bancorp of its rightful proceeds from the market Bancorp is creating.

Bancorp asserts causes of action for (i) breach of the 2010 NDA, (ii) misappropriation of trade secrets, (iii) misappropriation of confidential information, (iv) unfair competition, and (v) unjust enrichment.

*Factual and Legal Bases of Defendant's Defenses[2]*

Defendant AGL, an affiliate of American International Group, Inc. ("AIG"), is a life insurance company that offers a wide range of investment and insurance products, including BOLI policies. In 1998 and 1999, AGL entered into certain agreements with non-party Benefit Finance Partners, LLC ("BFP"), a joint venture between Bancorp Services, LLC ("Bancorp Services") and another non-party, Zurich Benefit Finance LLC ("Zurich"). Thereafter, AGL issued, over the course of several years, BOLI policies that provided for a stable value wrap ("SVP Wrap") provided by BFP and/or Zurich or their affiliates. AGL ceased issuing new BOLI policies with these SVP Wraps provided by BFP and/or Zurich a number of years ago. Plaintiffs do not appear to be challenging any behavior with respect to these dealings between the parties.

In 2009 or 2010, Bancorp Services and/or BFP approached AGL, claiming to have developed a new SVP Wrap that Plaintiffs referred to in the Complaint as an "Addle" wrap. Bancorp Services and AGL entered into the 2010 NDA, and exchanged information relating to the Addle Wrap. Thereafter, AGL decided not to proceed in further business with Bancorp Services regarding the Addle Wrap. AGL subsequently informed Bancorp Services of its decision.

---

2 This section was drafted by AGL's counsel and Bancorp does not join in this description.

Since 2010, representatives of Bancorp Services, BFP and/or Zurich have continued to approach AGL regarding SVP Wrap products. In one instance, in late 2013, representatives of BFP and/or Zurich sent materials, *unsolicited*, to AGL via email regarding an updated version of an SVP Wrap product (what plaintiffs might term an Addle Wrap). AGL replied that it did not wish to receive any materials concerning this SVP Wrap product if Bancorp Services, BFP and/or Zurich contended that those materials were subject to any prior confidentiality agreements between the parties. AGL promptly returned the unsolicited materials with assurances that they had not been reviewed by AGL.

AGL began to develop its own BOLI SVP Wrap product, and took steps to ensure that no potentially confidential information, however anodyne, would be used or shared improperly within AGL. Indeed, AGL established "clean room protocols" to assure that its new BOLI SVP Wrap product was developed wholly independently. To date, despite Plaintiffs' $5 billion damages claim, AGL has not made any sales of its new, internally developed BOLI SVP Wrap product.

AGL has various defenses to Plaintiffs' complaint, including, but not limited to, that any material provided by BFP and/or Zurich would not be subject to the 2010 NDA; that information provided by Bancorp Services, BFP, and/or Zurich does not constitute trade secrets or confidential information; that AGL did not use or disclose any trade secrets or confidential information in developing and marketing its own BOLI SVP Wrap product; and that Plaintiffs have suffered no damages. Moreover, the complaint suffers from a number of infirmities, including that the trade secret at issue is not described – AGL does not know if it is words on a piece of paper, numbers on a piece of paper, software code, a database, a template for a contract, or some other material.

2. Contemplated Motions[3]

AGL is currently contemplating a motion to dismiss the Complaint in its entirety, or, in the alternative, to require a more definite statement of Plaintiffs' claims. AGL's motions are scheduled to be filed in advance of the Initial Pretrial Conference, on Tuesday, January 20, 2015. AGL respectfully submits that this Court should consider the issues raised in AGL's motions, particularly with regard to the specificity of Plaintiffs' complaint, in setting discovery deadlines and in determining the appropriate date for commencement of discovery. The Court should also consider in scheduling discovery whether Plaintiffs will amend their Complaint in response to AGL's motions, as any such amendment will likely impact the scope of discovery.

3. Basis for Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff Bancorp Services, LLC is a Missouri limited liability company with its principal place of business, as defined in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), in St. Louis, Missouri. Its members are Bancorp Holdings, Inc., a Missouri corporation, William Meier, a resident of Missouri, and Seth Koppes, a resident of

---

3 This section was drafted by AGL's counsel and Bancorp does not join in this description.

Arizona. Plaintiff Addle Management LLC is a Delaware limited liability company with its principal place of business, as defined in *Hertz*, in St. Louis, Missouri. Its sole member is Seth Koppes, a resident of Arizona. Defendant American General Life Insurance Company is a Texas life insurance company with its principal place of business, as defined in *Hertz*, in Houston, Texas.

4. Prospect for Settlement

There is no prospect for settlement at this time.

Dated: January 15, 2015

Respectfully Submitted

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: _____

Marc E. Kasowitz
David S. Rosner
Joshua M. Greenblatt
Sarmad M. Khojasteh
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
drosner@kasowitz.com
jgreenblatt@kasowitz.com
skhojasteh@kasowitz.com

*Attorneys for Plaintiffs Bancorp Services, LLC and Addle Management LLC*

GIBSON, DUNN & CRUTCHER LLP

By: _____

Adam H. Offenhartz
James L. Hallowell
Alexander H. Southwell
M. Jonathan Seibald
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
aoffenhartz@gibsondunn.com
jhallowell@gibsondunn.com
asouthwell@gibsondunn.com
jseibald@gibsondunn.com

*Attorneys for Defendant American General Life Insurance Company*

cc: Counsel of Record (via ECF)